UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MARTHA J. MCALLISTER, individually,  and the
MARTHA J. MCALLISTER REVOCABLE
TRUST, MARTHA J. MCALLISTER, TRUSTEE,

        Plaintiffs

v.

AMERICAN BENEFIT CONCEPTS, INC., A/K/A
ABC SOLUTION, a Michigan corporation, JASON
JUBERG, individually, TRAVIS BENDER,
individually, DIVERSIFIED LIQUID ASSET
HOLDINGS, LLC, A/K/A DIVERSIFIED LIQUID
ASSET HOLDINGS, A/K/A DLAH, a Michigan
limited liability company, jointly and severally,

        Defendants.

Case No. 1:09-CV-904

Chief Judge Paul L. Maloney

## First Amended Verified Complaint and Demand for Jury Trial

Plaintiff, Martha J. McAllister and Martha J. McAllister Revocable Trust, Martha J. McAllister as Trustee, by and through their attorneys, Tomkiw Dalton, plc, and for its Verified Complaint state as follows:

### Introduction

1.      This is an action for damages arising from the Defendants' scheme to defraud Ms. McAllister through the sale of unsuitable investments of unregister securities of Diversified Lending Group, Inc., a California corporation which was shut down by the Securities and Exchange Commission in May, 2009 for operating as a ponzi scheme and Defendant, Diversified Liquid Asset Holding, a Michigan Corporation. Defendant Bender advised Plaintiffs to purchase these "investments" asserting that they were safe, risk free and good investments with a guaranteed 12% return for senior citizens. Defendants American Benefit Concepts and Juberg "guaranteed" the investments if they were lost and has since failed to support the guarantee.

Plaintiffs' Complaint contains a variety of counts pursuant to §§ 5 and 12(1) of the Securities Act of 1933 (hereinafter the "Act") [15 U.S.C. 77e and 77l(1)] and §§ 10(b) and 20(a) of the Securities and Exchange Act (hereinafter the "Exchange Act") [15 U.S.C. §§ 78j and 78t(a)] and Rule 10b-5 promulgated thereunder by the SEC [17 C.F.R. § 240.10B-5];  a violation of the Michigan Uniform Securities Act, as amended October 1, 2009, MCL § 451.2301 (formerly MCL § 451.810(a)(2)); negligence/malpractice, breach of fiduciary duty, respondeat superior, breach of contract, fraudulent misrepresentation and concert of action. Plaintiffs includes a request for a speedy decision and an advance on this Court's calendar under Rule 57 and 28 U.S.C. § 2201.

## PARTIES

2.    Plaintiff, Martha J. McAllister and the Martha J. McAllister Revocable Trust, Martha J. McAllister Trustee, is a widowed 74 year old woman living in Plymouth Township, Michigan.

3.    Defendant American Benefit Concepts, Inc., a/k/a ABC Solution, a Michigan corporation, (hereinafter referred to as "ABC") is a corporation organized under the laws of the State of Michigan located at 950 Trade Centre Way, Suite 130, Kalamazoo, Michigan 49002.

4.    Defendant Jason Juberg is an officer and the President of ABC and is an owner and/or officer of the company with offices in the City of Kalamazoo, Kalamazoo County, Michigan. Upon information and belief, Juberg resides in Grand Rapids, Michigan.

5.    Defendant Travis Bender is an agent and/or employee for ABC, licensed as an insurance agent in the State of Michigan and holds himself out as a Certified Elder Planning Specialist, a Certified Senior Advisor and Certified Estate Advisor, is located in Portage, Michigan and upon information and belief, a resident of Portage, Michigan.

2

6.      Defendant Diversified Liquid Asset Holdings, LLC, a/k/a Diversified Liquid Asset Holdings, a/k/a DLAH, is a Michigan corporation located at 3891 Rivertown Parkway, Suite 300, Grandville, Kent County, Michigan 49418.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as a Court of original jurisdiction of all civil actions arising under the laws in United States, more specifically, § 22 of the Act [15 U.S.C. § 77v], § 27 of the Exchange Act [15 U.S.C. § 78aa], 15 U.S.C. § 79j and 17 C.F.R. § 240.10b-5.  Further, Plaintiffs seek to recover money damages under 28 U.S.C. § 2201(a) and the amount in controversy in this action exceeds the jurisdictional limit of the Court, before contemplation of interest and attorney fees and other taxable costs. Further, this court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 as a court may exercise supplemental jurisdiction over Plaintiffs' state law claims.

8.      Venue in this action is proper within this judicial district pursuant to § 22 of the Act, § 27 of the Exchange Act, and 28 U.S.C. § 1391(b) as Defendants are situated within this judicial district.

## FACTUAL ALLIGATIONS

9.      Plaintiff Martha J. McAllister is a retired person. She is also the trustee of the Martha J. McAllister revocable trust.

10.      The bulk of Plaintiff's life savings consisted of savings in the amount of $58,000.00 and a condominium valued at $125,000.00.

11.      On February 20, 2003 Defendant Bender persuaded Plaintiffs to redeem her investment in safe securities and invest $58,000.00 with Allianz Life Insurance Co. of North America for an annuity to begin a pay out at the age of 77.

12.    On March 7, 2003, Defendant Bender persuaded Plaintiffs to redeem her safe investments in securities and purchase an annuity with Presidential Life Insurance in the amount of $23,755.31.

13.    On March 17, 2003 Defendant Bender persuaded Plaintiffs to redeem her safe investments in securities and invest $10,753.49 in an annuity with Presidential Life Insurance.

14.    In March 2008, Defendant Bender, an agent and servant of Defendant ABC, acting within the course and scope of his agency and employment, and acting pursuant to the direction and instruction of Defendant Jason Juberg, advised Plaintiff to redeem her annuity with Allianz Life Insurance Company and induced Plaintiffs to purchase a $50,000 investment contract, an unregistered security, with Diversified Lending Group, Inc. headquarters in Sherman Oaks, California.

15.    Defendant Bender touted the advantages of Diversified Lending Group, Inc. assuring the Plaintiff that her principal not only would be safe, but would receive a consistent rate of return of 12% per annum.

16.    On June 10, 2008, Defendant Bender persuaded plaintiff to refinance her condominium, which had been previously paid in full, pulling out $95,000.00 in equity. After paying off some debts, Plaintiffs provided Defendant Bender with $83,000.00 to invest with Diversified Liquid Asset Holdings, LLC at the insistence of Defendant Bender as a risk free, safe and high yield unregistered security investment.

17.    On July 1, 2009 a statement provided to Plaintiffs of Diversified Liquid Asset Holdings, LLC indicated that the balance in her account was $85,911.13.

18.    Defendant Juberg guaranteed, on behalf of Defendant ABC that "We are so confident in our recommendations that if there is a loss of principal by *any company in which we*

*invest your money* (except due to an early surrender by the client) or if any such company refuses to pay, we at American Benefit Concepts, Inc., further guarantee your principal".

19.    On November 21, 2008, the State of Michigan Department of Labor and Economic Growth, Office of Financial and Insurance Regulation entered an Order in Enforcement Case No. 08-6917 directing Diversified Lending Group, Inc. to cease and desist from pursuing unlicensed activity by selling its investment contract within the State as it was an unregistered security.

20.    On March 23, 2009 Defendant American Benefit Concepts, through Defendants Juberg and Harper notified Ms. McAllister that all of her money held with Diversified Liquid Asset Holdings, LLC in investment was lost.

21.    On September 22, 2009 a demand was made for the monies held by Diversified Liquid Asset Holdings, LLC, to which no response has been forthcoming.

22.    Nearly 12 months after Defendants placed Plaintiffs money into the Diversified Lending Group, Inc., (DLG) the entity became insolvent and was placed in receivership by a federal judge in a lawsuit brought by the Securities and Exchange Commission.  The appointed receiver concluded that no investor would recover their investments from DLG.

### COUNT I
### Violation of § 12 of The Securities Act of 1933, 15 U.S.C. § 77

23.    Plaintiffs hereby incorporate by reference paragraphs 1 through 22 above as though fully set forth herein, word for word and paragraph by paragraph.

24.    Neither of the investment contracts were registered as required by § 5 of the Act, 15 U.S.C. § 77e(a).

25.    The investment contracts had not been registered with the Securities and Exchange Commission nor any State securities regulator, had not been sold on any of the

exchanges which maintain certain minimum standards for investments traded, and had not been rated by any of the investment rating agencies

26.     Such securities were sold through the means or instrumentalities of transportation or communication in interstate commerce.

27.     Because Defendants sold such securities in violation of § 77e of the Act, they are responsible to Plaintiffs for the loss caused thereby in accordance with § 12 of the Act, 15 U.S.C. § 77l(a).

WHEREFORE, Plaintiffs pray for the entry of Judgment in their favor, to be determined by the trier of fact, together with costs, interest and attorney fees.

## COUNT II
### Violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10(b-5)

28.     Plaintiffs hereby incorporate by reference paragraphs 1 through 22 above as though fully set forth herein, word for word and paragraph by paragraph.

29.     Defendants recommended the investment in question to Plaintiffs with a guaranteed growth of principal and guaranteed interest rate to exceed performance that reasonably could be anticipated in the financial markets.

30.     Defendants insisted on placing Plaintiffs in the investment in question, when even though it unquestionably was a security, it had not been registered with the Securities and Exchange Commission nor any State securities regulator, had not been sold on any of the exchanges which maintain certain minimum standards for investments traded, and had not been rated by any of the investment rating agencies.

31.     Defendants failed to abide by the basic investment strategy of diversification.

32.    With respect to Diversified Lending Group, Inc., Defendants ABC, Juberg and Bender failed to ascertain, which a reasonable investigation by them would have disclosed:

    a.  Bruce Friedman, President of Diversified Lending Group, Inc., was a convicted felon who had served time in prison;

    b.  Bruce Friedman diverted $17 million of the total $260 million invested to support a lavish lifestyle, including luxury homes, cars, vacations, and jewelry, and allowed his girlfriend, Tina Placourakis to misappropriate over $275,000 of the money invested;

    c.  The so-called audited financial statements of Diversified Lending Group, Inc. were prepared by an unlicensed auditor with a single employee;

    d.  Diversified Lending Group, Inc. represented that it had invested and it would invest 70% of the money in real estate and 30% of it in loans, whereas in fact much of the invested money was placed in unrelated business ventures, including those operated by affiliates, family members, and friends of Bruce Friedman, and also were used to fund Mr. Friedman's charitable foundation, which purchased millions of dollars in auction rate securities.

33.    Diversified Lending Group and Diversified Liquid Asset Holdings, LLC appointed Defendant American Benefit Concepts, Inc. its agents, Defendant Juberg and Bender for the promotions and sale of unregistered securities.

34.    Through its agents, Defendants Juberg, Bender and American Benefit Concepts carried out a plan, scheme and course of conduct which intended to, and did deceive Plaintiffs and cause Plaintiffs to purchase unregistered securities.

35.    Through the representations made, through its agent, Bender, and its other agents:

    a.  Employed devices, schemes and artifices to defraud,

    b.  Made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading, and

    c.  Engaged in acts, practices and a course of business which operated as a fraud and deceit upon Plaintiffs in violation of § 10(b) of the Exchange Act and Rule 10(b-5).

36.    Through the representations made by American Benefit Concepts, Inc. by and through its agents Juberg, Harper and Bender, both directly and indirectly, by the use, means or instrumentalities of interstate commerce and of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business operations and future prospects of Diversified Liquid Asset Holdings, LLC and Diversified Lending Group, Inc.

37.    Through the representations of Defendants American Benefit Concepts, Inc., by and through its agents Defendants Juberg and Bender, employed devices, schemes and artifices to defraud while in possession of material adverse non-public information and engaged in acts, practices and a course of conduct as alleged herein in an effort to insure the Plaintiffs of the value of her investments, and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omissions to state material facts necessary in order to make the statements made about the unregistered securities, in light of the circumstances under which they were made, not misleading, and engaged in practices in a course of business which operate as a fraud and deceived upon Plaintiffs.

38.    Defendants American Benefit Concepts, Inc., Juberg and Bender, and its other agents, had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth and that they failed ascertain and disclose such facts, even though such facts were available to them.  Such material representations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the true value of Diversified Lending Group, Inc. and Diversified Liquid Asset Holdings, LLC.  If they did not have actual knowledge of the misrepresentations and omissions alleged, these Defendants were reckless in failing to obtain such knowledge by deliberately refraining from

taking those steps necessary to discover whether those statements were false or misleading.  As a result of the dissemination of the materially false and misleading information and failing to disclose material facts as set forth above, the price of the investment contract was artificially inflated.  In the ignorance of the fact that the price was artificially inflated and relying directly or indirectly on the false and misleading statements made by the agents, and/or on the essence of materially adverse information that was known and recklessly disregarded by Defendants but not disclosed in statements by the Defendants, Plaintiffs purchased unregistered securities at artificially high prices and was damaged.

39.    Plaintiffs relied upon the representations and omissions and were ignorant of the falsity and believed it to be true.  Had Plaintiffs known the truth regarding the unregistered securities, which was not disclosed by Defendants, Plaintiffs would not have purchased or otherwise acquired them.

40.    Defendants directly or indirectly controlled American Benefit Concepts, Inc. and their agents, acted in bad faith, and directly or indirectly induced the acts constitution the violation of § 10(b) of the Exchange Act and rule 10(b-5) promulgated thereunder.  15 U.S.C. § 78j.

41.    Defendants American Benefit concepts, Juberg and Bender failed to disclose that certain investments were not suitable for the type of account which Plaintiffs had opened.  Defendants acted in a manner with an intent to defraud the Plaintiffs.  The fraud occurred on the following dates:

        a.  March 29, 2008, investment contract with Diversified Lending Group, Inc. in the amount of $50,000.00, and;

        b.  June 10, 2008, investment of $83,000.00 with Diversified Liquid Asset Holdings, LLC.

42.    The location of all of the frauds is when Mr. Bender came to Plaintiffs' home in Plymouth Township, Michigan.

43.    The contents of the alleged misrepresentation on which was relied was that these were risk-free guaranteed investments with a 12% return that would assist Plaintiff, a widowed 74-year-old woman, with providing economic survival throughout her retirement years when in fact they were unsuitable and the investments were fraudulent.

44.    Plaintiffs have lost $133,000.

45.    As a direct result of the Defendants violation of the fraudulent misrepresentation set forth in 15 U.S.C. § 79j and 17 C.F.R. § 240.10b-5.

WHEREFORE, Plaintiffs pray for the entry of Judgment in her favor, to be determined by the trier of fact, together with costs, interest and attorney fees.

### COUNT III
### Violation of the Michigan Uniform Securities Act

46.    Plaintiffs hereby incorporate by reference paragraphs 1 through 45 above as though fully set forth herein, word for word and paragraph by paragraph.

47.    Defendants Juberg and Bender represented that Defendant American Benefits Concepts was a broker/dealer engaged in the business of effecting transactions in securities for the accounts of other, and that Juberg and Bender were agents employed by a broker-dealer.

48.    The subject contracts of Diversified Lending Group, Inc. and Diversified Liquid Asset, LLC are securities as defined by the Michigan Uniform Securities Act (MUSA) § 102c(c) (formerly MCL § 451.801(z)).

49.    The subject contracts of Diversified Lending Group, Inc. and Diversified Liquid Asset, LLC are not registered under MUSA, are not exempt from registration under MUSA, are not federally covered securities and may not be lawfully sold in Michigan.

50.    Defendants violated MCL § 451.2301 (formerly MCL § 451.810), which provides that any person who offers or sells a security in violation of § 301 is liable to the person buying the security from him.

51.    At the time of the sale to the Plaintiffs, Defendant Bender, American Benefit Concepts, Inc., and Juberg were aware that Bender was not licensed to sell securities in Michigan.

52.    Defendants violated MCL § 451.2401(1) (formerly MCL 451.601(a)), which provides that a person shall not transact business in this state as a broker/dealer or agent unless registered under this Act.

53.    Defendant American Benefit Concepts, Inc.'s agent, Defendant Bender, made the representations and omissions with actual knowledge of the untruths and omissions, and/or acted with reckless disregard for the truth in that he failed to ascertain and disclose such facts, even though such facts were available to him.

54.    Plaintiffs relied upon the representations omissions and were ignorant of their falsity and believed them to be true.  Had Plaintiffs known the truth regarding the unregistered securities and unlicensed agent, which was not disclosed by American Benefits Concepts, Inc. or its agents, Plaintiffs would not have purchased or otherwise acquired such unregistered securities.

55.    Defendants American Benefit Concepts, Inc., Juberg and Bender violated MCL § 451.2509(2) (formerly MCL § 451.810(a)(2)), which provides that any person who offers or sells a security in violation of section 301, or by means of an untrue statement of a material fact is liable to the person buying the security from him.

56.    Defendant American Benefit Concepts, Inc., Defendants Juberg and Bender materially aided in the sale to Plaintiffs and are liable under MCL § 451.2509(7)(c) and (d) (formerly MCL § 451.810(b)). Defendants directly or indirectly controlled Bender as its selling agent and are jointly and severally liable to the same extent as American Benefit Concepts, Inc. pursuant to MCL § 451.2509(7).

57.    As a direct and proximate result of Defendants' violations of the Michigan Uniform Securities Act, the Plaintiffs have suffered damages in connection with Plaintiffs' purchase of the Diversified Liquid Asset Holdings, LLC and Diversified lending Group, Inc. in the amount of $133,000 plus interest, costs and attorney fees.

WHEREFORE, Plaintiffs pray for the entry of Judgment in her favor, to be determined by the trier of fact, together with costs, interest and attorney fees.

## COUNT IV
### Negligence / Malpractice

58.    Plaintiffs hereby incorporate by reference paragraphs 1 through 57 above as though fully set forth herein, word for word and paragraph by paragraph.

59.    At all times pertinent hereto, the Defendants American Benefit Concepts, Juberg and Bender were engaged in the practice of their profession, and held themselves out to the public, and particularly to Plaintiffs, as skilled investment counselors, specializing in senior investments and capable of properly and skillfully representing Plaintiffs, advising, counseling and consulting with individuals to whom they offered their services.

60.    The Defendants American Benefit Concepts, Juberg and Bender owed the Plaintiffs the duty to possess the reasonable degree of learning and skill that is ordinarily possessed by investment counselors in similar situations, licensed in the State of Michigan, and in other jurisdictions, and to use reasonable care and diligence in the exercise of their skill and

12

application of their learning, to representing, advising and consulting with individuals seeking their services in accordance with the standard prevailing amongst investment counselors in the State of Michigan and other jurisdictions.

61.     The Defendants American Benefit Concepts, Juberg and Bender represented, on numerous occasions, to the Plaintiffs that they were "specialists" in transactions involving senior care and related issues.  As a consequence, they are held to the standard of care of a "specialist" in the areas of responsibility within the field as investment counselors in the State of Michigan and other jurisdictions.

62.     That the Defendants, American Benefit Concepts, Juberg and Bender by and through their duly authorized agents, servants and/or employees, in disregard of the duties and obligations to the Plaintiffs, and at variance with the prevailing standards, were guilty of negligence and malpractice in the following particulars:

   a.   Selling unregistered securities to Plaintiffs from Diversified Lending Group, Inc., and;

   b.   Selling unregistered securities to Plaintiffs from Diversified Liquid Assets, LLC.

   c.   Negligently secured advice and counsel, and furnished advice and counsel, from a variety of brokers, investment managers, and financial planners regarding the acquisition of certain investments under circumstances where the consultants failed to comply with the rules and regulations governing the same;

   d.   Negligently advised Plaintiffs to procure investments that were designed to maximize consulting fees and to permit the Defendants to assume control over Plaintiffs' assets.

   e.   Engaged in multiple, conflicted relationships with a variety of individuals and business entities, resulting in the ultimate destruction of any benefits that might have been enjoyed by Plaintiffs for her investments.

   f.   Squandered Plaintiffs' investments by dealing with Diversified Lending Group and Diversified Liquid Asset Holdings, LLC under circumstances

where the "accounts" that were established were improperly organized, improperly supervised, failed to adhere to standards, and furnished others with an opportunity to profit from brokerage fees, commissions, acquisition fees, and fraud, all to the expense of the Plaintiff.

g. Other acts of negligence and malpractice to be more fully described as discovery is completed.

63. The statutory safe harbor provided for forward looking statements under certain circumstances does not apply to any of the representations and/or omissions alleged in this Complaint. Most of the specific statements pleaded herein were not identified as "forward looking" statements "when made" to the extent there were any forward looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in purportedly forward looking statements. Alternatively, to the extent the statutory safe harbor does not apply to any forward looking statements pleaded herein, Defendants are liable for those false forward looking statements because at each time those forward looking statements were made, the particular speaker knew that the particular forward looking statement was false.

64. The acts and omissions constituting misconduct of the Defendants, as alleged herein, directly and proximately caused and/or contributed to Plaintiffs' injuries and damages which include, by way of illustration but not by way of limitation, the following:

a. Excessive and unnecessary fees;

b. Excessive and unnecessary commissions;

c. Excessive and unnecessary accounting and taxes, interest, and other sanctions;

d. Mental anguish;

e. Emotional pain and suffering;

f. Loss of investment opportunity;

14

g.  Loss of appreciation and potential gain from successful investments;

h.  Exemplary damages.

WHEREFORE, Plaintiffs pray for the entry of Judgment in her favor, to be determined by the trier of fact, together with costs, interest and attorney fees.

## COUNT V
## Common law Fraud

65.    Plaintiffs hereby incorporate by reference paragraphs 1 through 64 above as though fully set forth herein, word for word and paragraph by paragraph.

66.    In March and June, 2008, Defendants American Benefit Concepts, Inc., through the representations and omissions of its agents, Juberg and Bender, made material misrepresentations, and/or omitted to state material facts to Plaintiffs in order to induce Plaintiffs to purchase unregistered securities in Diversified Liquid Asset Holdings, LLC and Diversified Lending Group, Inc.  More particularly, that the investments were safe, risk free, had a 12% return and were guaranteed.

67.    Defendant American Benefit Concepts, Inc. and Juberg and Bender knew that the representations were false when they made them, or made the misrepresentations in reckless disregard of their truth and as positive assertions.

68.    Defendant American Benefit Concepts, Inc.'s agents, Juberg and Bender omitted to disclose material facts from Plaintiffs regarding the unregistered securities, or at least recklessly failed to disclose such material facts.

69.    Plaintiffs relied upon the misrepresentations and false impression from the omissions and as a direct and proximate result of the fraudulent representations and omission, the Plaintiffs have suffered damages in connection with the Plaintiffs' purchase of Diversified

Lending Group, Inc.'s unregistered securities and Diversified Liquid Asset Holdings, LLC unregistered securities in the amount of $133,000 plus interest, costs and attorney fees.

WHEREFORE, Plaintiffs pray for the entry of Judgment in her favor, to be determined by the trier of fact, together with costs, interest and attorney fees.

## COUNT VI
### Innocent Misprestentation

70.    Plaintiffs hereby incorporate by reference paragraphs 1 through 68 above as though fully set forth herein, word for word and paragraph by paragraph.

71.    Defendants American Benefit Concepts, Inc., Juberg and Bender sold Plaintiffs unregistered securities in Diversified Liquid Asset Holdings, LLC and Diversified Lending Group, Inc. through the material representations and omissions of its agents, Juberg and Bender. Namely, that the investments were safe, risk free, had a 12% return and were guaranteed.

72.    The representations and omission were made in connection with the making of contracts for the sale of the unregistered securities to Plaintiffs.

73.    The misrepresentations and omissions were false when made.

74.    Defendants American Benefit Concepts, Inc., Juberg and Bender benefited from the damages suffered by the Plaintiffs.

75.    Plaintiffs relied on the false representations and grossly negligent omissions and would not have entered into the contracts if Defendants American Benefit Concepts, Inc, Juberg and Bender had not made the misrepresentations and omissions.

76.    As a direct and proximate result of the foregoing wrongful conduct, the Plaintiffs have suffered damages in connection with Plaintiffs entering into the contracts to purchase unregistered securities in the amount of $133,000 plus interest, costs and attorney fees.

16

WHEREFORE, Plaintiffs pray for the entry of Judgment in her favor, to be determined by the trier of fact, together with costs, interest and attorney fees.

## COUNT VII
## Breach of Contract

77.    Plaintiffs hereby incorporate by reference paragraphs 1 through 75 above as though fully set forth herein, word for word and paragraph by paragraph.

78.    As described in this Complaint, all of the Defendants entered into a contract with the Plaintiffs, under the terms which the Defendants were, each of the, obligated to acquire investments consistent with the rules and regulations of the Michigan Uniform Securities Act and the Securities Act of 1934.

79.    Additionally, Defendants American Benefit Concepts, Inc., Juberg and Harper guaranteed Plaintiffs that would "guarantee her principal" if she invested in the Diversified Lending Group, Inc. and Diversified Liquid Assets, LLC.

80.    Defendants, and each of them, breached the contract between the parties.

81.    As a result of the breach of contract, Plaintiffs have lost their investments.

WHEREFORE, Plaintiffs pray for the entry of Judgment in her favor, to be determined by the trier of fact, together with costs, interest and attorney fees.

## COUNT VIII
## Fraudulent Concealment

82.    Plaintiffs hereby incorporate by reference paragraphs 1 through 80 above as though fully set forth herein, word for word and paragraph by paragraph.

83.    The Defendants, and each of them, intentionally withheld information from the Plaintiffs from which Plaintiffs would, otherwise, have discovered the negligence, malpractice, breaches of contract, and fraud of the various parties which, collectively would have resulted in

the Plaintiffs' refusal to do business with, or to accept advice from, any of the named Defendants herein.

84.    The fraudulent concealment committed by the various Defendants resulted in the inability to discover the misconduct, as described in this Complaint, until such time and the Plaintiffs were contact by the Court that the investment had been lost.

85.    The acts and omissions constituting misconduct of the Defendants, as alleged herein, directly and proximately caused and/or contributed to the Plaintiffs injuries and damages which include, by way of illustration but not by way of limitation, the following:

        a.    Excessive and unnecessary fees;

        b.    Excessive and unnecessary commissions;

        c.    Excessive and unnecessary accounting, taxes, interest and other sanctions;

        d.    Mental anguish;

        e.    Emotional pain and suffering;

        f.    Loss of investment opportunity;

        g.    Loss of appreciation and potential gain from successful acquisition and retention of qualified assets; and

        h.    Exemplary damages.

WHEREFORE, Plaintiffs pray for the entry of Judgment in her favor, to be determined by the trier of fact, together with costs, interest and attorney fees.

**COUNT IX**
**Concert of Action**

86.    Plaintiffs hereby incorporate by reference paragraphs 1 through 85 above as though fully set forth herein, word for word and paragraph by paragraph.

18

87.    As described in the complaint, the Defendants named herein acted pursuant to a common design.

88.    Plaintiffs were injured by the negligence, malpractice, fraud, and other conduct described in this Complaint.

89.    The Defendants, and each of them, were acting pursuant to a common design, intended to acquire Plaintiffs' funds, to secure commission, premiums, profits, fees and other remuneration from the Plaintiffs, with the intention and expectation that Plaintiffs would not receive the benefit from the investments that she was induced to purchase by the concert of action.

90.    The acts and omissions constituting misconduct of the Defendants, as alleged herein, directly and proximately caused and/or contributed to the Plaintiffs' injuries and damages which include, by way of illustration but not by way of limitation, the following:

      a.  Excessive and unnecessary fees;

      b.  Excessive and unnecessary commissions;

      c.  Excessive and unnecessary accounting, taxes, interest and other sanctions;

      d.  Mental anguish;

      e.  Emotional pain and suffering;

      f.  Loss of investment opportunity;

      g.  Loss of appreciation and potential gain from successful acquisition and retention of qualified assets; and

      h.  Exemplary damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request the following relief:

a. Rescission of the purchases of Diversified Liquid Asset Holdings, LLC securities and Diversified Lending Group, Inc. unregistered securities and of all consideration paid by Plaintiffs or, alternatively, judgment for damages against the Defendants, jointly and severally, as may be proven;

b. Interest on all sums invested at the legal rate;

c. Costs;

d. Reasonable attorney fees;

e. Exemplary damages; and

f. Such additional relief as may be determined.

Respectfully Submitted,

**TOMKIW DALTON, plc**

<u>/s/ Daniel P. Dalton</u>
Daniel P. Dalton (P 44056)
Attorney for Plaintiffs
612 East 4th Street
Royal Oak, MI  48067
(248) 591 7000
(248) 591 7790 (Fax)
ddalton@tomkiwdalton.com

Dated: January 6, 2010

**Demand for Trial by Jury**

The Plaintiff herein demands a trial by jury in this cause of action.

Respectfully Submitted,

**TOMKIW DALTON, plc**

<u>/s/ Daniel P. Dalton</u>
Daniel P. Dalton (P 44056)
Attorney for Plaintiffs
612 East 4th Street
Royal Oak, MI  48067
(248) 591 7000
(248) 591 7790 (Fax)
ddalton@tomkiwdalton.com

Dated: January 6, 2010